DETLOR v. The COMET. See Case No. 3,050.

DETMOLD v. FISHER. See Case No. 3,830.

---

## Case No. 3,830.

### DETMOLD et al. v. GATE VEIN COAL CO.
### SAME v. FISHER.

[3 Wkly. Notes Cas. 567.]

Circuit Court, E. D. Pennsylvania. Nov. 10, 1876.

AFFIDAVIT OF DEFENCE LAW — AVERMENT FILED WITH COPY OF INSTRUMENT — FUNCTION AND SCOPE OF AVERMENT IN SUCH CASE—PRACTICE.

Semble, that the two-term rule, based upon the old Pennsylvania practice, may be acted upon in a case not within the affidavit of defence law.

Note: Origin and development of affidavit of defence law.

Motion to set aside judgment. Judgment in this case had been entered by default, for want of an affidavit of defence, upon copy filed of an agreement in writing, whereby the company defendant agreed to ship and consign to plaintiffs [Detmold and Cox], within a specified time, a certain quantity of coal to be sold by them at a certain commission. The plaintiffs were to make advances on such shipments, a bond of indemnity being given to secure them against loss, of which a copy was also filed. With these copies plaintiffs filed an averment that the agreement had not been performed, whereby the plaintiffs were entitled to judgment for the amount of commissions upon the sales of the coal which should have been shipped; and also for a balance due on account of advances, as shown by a copy of book entries filed therewith. An affidavit was filed by defendant denying breach of the agreement, and averring that the copies filed, with the averments, were not such as to entitle plaintiffs to judgment under the affidavit of defence law.

Mr. Dallas, for plaintiffs.

Judgment is asked upon the copies of the agreement and the bond of suretyship, and not upon the copy of book account, which latter is filed with the above instruments merely as an averment to liquidate the plaintiff's claim, and to assist the clerk in assessing the damages. Frank v. Maguire, 6 Wright [42 Pa. St.] 81.

F. W. Hughes, for defendants.

Breach of the agreement is alleged in general terms. The instruments of writing upon which suit is brought are for the payment of money at a future time, the consideration being executory, and the demand is for damages for the breach of agreement, dependent upon facts dehors the record. They are not within the affidavit of defence law. Mont-

gomery v. Johnston, 1 Miles, 324; Miners' Bank v. Blackiston, 2 Miles, 358; Com. v. Hoffman, 24 P. F. Smith [74 Pa. St.] 105.

THE COURT. Judgment would be granted upon the copies as filed, if it were not for the fact that the copies of the book entries, filed to assist the assessment of damages, tend to extend and not to limit the claim, as shown by the copies of the instruments of writing. Such a purpose is not within the rule allowing averments to be filed with copies of instruments. Judgment in each case vacated without prejudice to the right of the plaintiff to move for judgment, in accordance with the practice under the old second term rule, for default of affidavits alleging defence, and the amount thereof; but defendants have leave to file such affidavit in each case.

CADWALADER, District Judge (orally). The following order was entered of record: "And now, to wit, this 15th day of November, A. D. 1876, the court orders the judgments to be vacated as having been unadvisedly entered, but without prejudice to any right of the plaintiffs to move for judgment for want of an affidavit of defence under the rule and practice which is in that behalf independent of the statute law of the state."

NOTE. The practice [in Pennsylvania] of taking judgment by default for want of an affidavit of defence originated in the supreme court [of the state] in 1795, under an agreement signed by all the attorneys except two, and entered among the records of said court. As it is believed that this document is not to be found in print, it is here inserted, viz.:

"It is agreed by the attorneys practising in the supreme court of Pennsylvania, that, in all actions now depending or which shall hereafter be instituted in the same court, either by original process or by removal from any inferior courts, the defendant's attorney shall confess judgment to the plaintiff at the third court (here follow certain provisions as to stay of execution) unless the defendant, or some person for him or her, shall make affidavit, at or before the second term, that, to the best of his knowledge and belief, there is a just defence, in whole or in part in the same cause, and if the defence is to part only, then the defendant's attorney shall confess judgment to the plaintiff (if the plaintiff's attorney will accept the same in full satisfaction of his demand), for so much as shall be acknowledged to be due to the plaintiff in the said cause.

"Witness our hands this eleventh day of September, 1795.

| | |
|---|---|
| "Cha. Heatly. | Jac. Bankson. |
| "Benj. R. Morgan. | Benj. Chew, Jr. |
| "Jas. Thomas. | Wm. Moore Smith. |
| "Robt. Porter. | Charles Swift. |
| "Samson Levy. | John F. Mifflin. |
| "John Caldwell. | Wm. Tilghman. |
| "Jno. Wells. | William H. Tod. |
| "Robert Henry Dunkin. | W. Brinton. |
| "Jno. Hallowell. | John Read, Jr. |
| "Jared Ingersoll. | Rich'd Lake. |
| "Alex'r Wilcocks. | James Gibson. |
| "Edw. Tilghman. | Adam Gordon. |
| "Moses Levy. | Walter Franklin. |
| "Jos. B. McKean. | Joseph Hopkinson. |
| "A. J. Dallas. | Thos. W. Tallman. |
| "Peter S. Du Ponceau. | Thos. Armstrong. |
| "Jasper Moylan. | J. W. Condy. |
| "John D. Coxe. | M. Keppele. |
| "W. Rawle. | Jno. R. Smith." |

Entered in appearance docket, supreme court, September term, 1795, pp. 628, 629.

This agreement was also entered as a rule of the supreme court, under date of Sept. 11, 1795 (MS. Book of Rules of Supreme Court, rule 50, p. 39), but it was not enforced against the two attorneys who refused to sign it, and who neither gave nor took judgments under it. A modification of the rule (permitting the plaintiff to direct that judgment by default for want of an affidavit of defence should be entered as of course) was afterwards adopted by the supreme and circuit courts in 1799; and a further modification was adopted by the court of common pleas in 1809. See Vanatta v. Anderson, 3 Bin. 417. The latter rule provided that, in all actions of debt or contract where special bail was not required, the plaintiff might direct judgment to be taken by default, at any time after the fifth Monday of the next succeeding term to which the process was returnable, unless the defendant had made an affidavit, and previously filed the same in the prothonotary's office, stating that, to the best of his knowledge and belief, there was a just defence, in whole or in part, in the said cause; and, if the defence was to part only, the defendant should specify the sum which he admitted was due; provided always that no judgment should be entered by virtue of this rule unless the plaintiff had filed a declaration during the term to which the process was returnable. In actions where special bail was required, if the plaintiff filed his declaration within the first three days of the next term after special bail was entered, and the defendant did not make an affidavit before the fifth Monday of that term, the plaintiff could enter judgment. The district court of Philadelphia county also, after its establishment in 1811, adopted a similar rule, which provided that judgment could be taken at the third Monday of the next succeeding term, if the plaintiff had filed his declaration before the third day of that term. Walker's Court Rules (Ed. E. W. Davis, 1847).

The remark of Read, J., in Sellers v. Burk, 11 Wright [47 Pa. St.] 350 (decided in 1864), that the provisions of the act of 1835, and its supplements, "giving power to the courts in this county to enter judgment by default for want of an affidavit of defence in certain specified causes, have, in a great measure, superseded all former rules on the subject;" and the intimation of Cadwalader, J., in the above-reported case, would seem to imply that the old practice which obtained before the act of 1835, and its supplements, may still be invoked in cases which, though not within the act, would be within the old rule of the court. It is believed that in the U. S. court for the eastern district of Pennsylvania, such judgments have been occasionally granted, probably in conformity to the practice in some of the counties comprising that district. It would seem, however, as stated in 1 Troub. & H. Pr. 368, that in Philadelphia county "the rules of court which preceded these statutes have now been repealed;" and that the practice is now entirely regulated by the provisions of the act of March 28, 1835, § 2 [Pa. Laws, p. 89], relating to the district court for the city and county of Philadelphia, and its supplement, act of April 14, 1846 [Pa. Laws, p. 328], relating to the court of common pleas. The latter court, in November, 1848, repealed its rule, "being of opinion that it was sufficiently supplied by the acts of assembly," Walker's Court Rules (Ed. F. C. Philpot, 1850), p. 14; and the district court, in 1857, by omitting its former rule on the subject from among those adopted and published in that year, thereby repealed it under an order of January 3, 1857, repealing all rules not then re-announced, Walker's Court Rules (Ed. E. T. Chase, 1857).

The court of nisi prius, which was established under act of July 26, 1842 [Pa. Laws, p. 431], was empowered under the provision of that act to enter judgment by default for want of an affidavit of defence, as under the act of March 28, 1835, and its supplements; and it would appear that it did not establish a practice by rule of court similar to that under the second-term rule, or like that which had been in force in any of the other courts prior to the act of March 28, 1835. See rules adopted January 15, 1849; Walker's Court Rules (Ed. 1857), p. 99; New Court Rules (Davis & Simpson, 1870), p. 248. The United States circuit court made its practice conformable to that of the nisi prius by a rule adopted January 10, 1861 (New Court Rules, p. 353). By act of congress of June 1, 1872 (Rev. St. § 914 [17 Stat. 196]), it is provided that the practice of the United States courts, in civil causes, shall conform to that existing in the courts of the state in which such United States courts are held. It may be added that the act of March 21, 1806 (4 Smith's Laws 326, P. L. 561), to regulate arbitration and proceedings in courts of justice, provided that, in all suits for the recovery of any debt founded on a verbal promise or a book account, the plaintiff should file a statement of his demand on the third day of the term to which the process was returnable; and the defendant at least twenty days before the next succeeding term should file a statement of account, if any, against the demand, and particularly stating what was justly due. It was the practice under this act to take judgment by default for want of a counter-statement as of a plea; and if instead of a specific statement a formal plea was entered, as payment, the cause was at issue. An "affidavit of defence," however, was not required. 3 Pa. Bl. p. 205. Numerous special acts of assembly have been passed extending the Philadelphia affidavit of defence law to other counties of the state (Purd. Dig. 1165, note g); and in others it has been adopted, with or without modification, by rule of court. Chief Justice Black remarked, in Lord v. Ocean Bank, 8 Harris [20 Pa. St.] 387, that "the only regret of those who are well informed on the subject is, that it is not universally adopted in all the courts of the state." The power of a court, in the absence of a statutory provision, to make and enforce such a rule, has not been seriously doubted since Vanatta v. Anderson, 3 Bin. 417. Several subsequent cases, in which the power of county courts to make similar rules has been sustained, are referred to in Linn's Analytical Index, and Landis' Supplement, under the case of Vanatta v. Anderson. W. W. C.